IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV97-03-MU

| | |
|---|---|
| STEVEN TOMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MECKLENBURG COUNTY SHERIFF'S ) | |
| DEPARTMENT; CAPTAIN JEFF EASON ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 11, 2008. (Document No. 1.) In his Complaint, Plaintiff contends that his mother passed away on October 30, 2006 and despite a court order directing the sheriff to transport him to the funeral/memorial service, he was not taken to the funeral and was unable to "pay last respects to his mother." Plaintiff contends that the Defendants' failure to transport him to his mother's funeral violated the Eighth Amendment's prescription against cruel and unusual punishment. By way of relief, Petitioner seeks a Court Order that the Mecklenburg County Sheriff's Department obey all future court order's involving funeral transport and $200,000 from each Defendant.

A cause of action pursuant to 42 U.S.C. § 1983 requires deprivation of a right secured by the Constitution or other laws of the United States by a person acting under color of state law. Plaintiff's allegation that his Eighth Amendment rights were violated when he was denied the opportunity to

1

attend his mother's funeral does not rise to a constitutional violation.[1]  "A prisoner does not retain a liberty interest in attending a family members funeral and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life." Rodriguez v. Woodruff, 2006 WL 2620472 (S.D.Tex. September 12, 2006); see Sandin v. Conner, 515 U.S. 472, 484-86 (1985).  Moreover, this Court and other courts that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral.  See e.g. Bradley v. Beck, 2001 WL 34610459 (W.D.N.C. October 19, 2001) (fact that some prisoners are allowed to attend family members' funerals is result of grace, not constitutional right); Cruz v. Sielaff, 767 F.Supp 547, 550 (S.D.N.Y. 1991) (no federal right recognized under § 1983 to attend uncle's funeral);Hilliard v. Andrews, 2005 WL 1629954 (W.D.La July 8, 2005) (""Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother's funeral); Pegues v. Rogers, 2007 WL 951896 (N.D. Ind. March 27, 2007) (no constitutional violation when plaintiff was not able to attend mother's funeral.  If court order was violated, that issue is more properly raised before the court that issued the order); Adams v. Garland County Detention Center, 2006 WL 1361121 (W.D.Ark. May 17, 2006) ( no constitutional violation when Plaintiff was denied opportunity to attend mother's funeral).

While it is unfortunate that Plaintiff was unable to attend his mother's funeral, that denial does not state a claim for relief under 42 U.S.C. § 1983.  Therefore, Plaintiff's Complaint is

---

[1] If Plaintiff was a pretrial detainee at the time of his cause of action, rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, as a practical matter, the contours of the Due Process Clause tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates.  Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997); Hill v. Nicodemus, 979 F.2d 987, 991-91 (4th Cir. 1992).

2

dismissed as frivolous and for failing to state a claim.  28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

SO ORDERED.

Signed: March 19, 2008

Graham C. Mullen
United States District Judge